```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**JEREMY HICKS,**

                     **Plaintiff,**

       **v.**                                 **CASE NO.07-3020-SAC**

**LARNED STATE HOSPITAL,**

                     **Defendant.**

### O R D E R

Plaintiff, a prisoner incarcerated in the Larned Correctional Mental Health Facility in Larned, Kansas, proceeds pro se on a complaint filed under 42 U.S.C. § 1983. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).

Plaintiff seeks nominal and punitive damages for the alleged violation of his constitutional rights.  Specifically, plaintiff

complains that medication administered during his confinement in the Larned State Hospital between 2003 and 2005 caused him to stop producing sperm, and alleges there was no knowing and valid consent to being treated with medication that caused him to become impotent. Having reviewed plaintiff's allegations the court finds the complaint is subject to being summarily dismissed for the following reasons.

First, no appropriate defendant is named. Larned State Hospital (LSH) is a state psychiatric facility operated under the Kansas Secretary of Social and Rehabilitation Services. The facility itself is not an entity that can be sued. *See e.g.*, Marsden v. Fed. Bureau of Prisons, 856 F.Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit"). Absent amendment of the complaint to name an appropriate defendant having personally participated in the alleged wrongdoing, the complaint will be dismissed. *See* Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997)("Individual liability under 42 U.S.C 1983 must be based on personal involvement in the alleged constitutional violation."); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996)("[P]ersonal participation is an essential allegation in a section 1983 claim.").

Second, a claim for damages from a state agency, or any state official acting in their official capacity, is barred by the Eleventh Amendment. Kentucky v. Graham, 473 U.S. 159, 169 (1985). *See also* Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989)("neither a State nor its officials acting in their official

capacities are 'persons' [for the purpose of stating a claim for relief] under 42 U.S.C. § 1983").

And third, plaintiff's allegations of being medicated at some unspecified time at LSH without adequate knowing consent of the side effects are insufficient to state a cognizable constitutional claim upon which relief can be granted under § 1983.

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992). A constitutionally significant claim of being denied medical treatment requires a showing of each defendant's deliberate indifference to a sufficiently serious and obvious medical need. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)(a cognizable constitutional claim in the medical context requires allegations of acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need). Allegations of medical malpractice, such as the alleged failure to fully warn plaintiff of the side effects of his medication, are insufficient. Id.

Accordingly for the reasons stated herein, the court directs plaintiff to supplement or amend the complaint to avoid dismissal of the complaint as stating no claim for relief.

Plaintiff's motion for appointment of counsel is denied without prejudice. Plaintiff has no right to the assistance of counsel in this civil action, Durre v. Dempsey, 869 F.2d 543, 647 (10th Cir. 1989), and the court finds the facts and legal issues associated

3

with plaintiff's claims do not warrant the appointment of counsel at this time.

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, and that the remainder of the $350.00 district court filing fee is to be paid through the automatic payment authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 3) is denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 24th day of August 2007 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge